■ ROSE A. EHALT, Respondent, v. WILLIAM C. EHALT, Appellant.— In an action for divorce, in which the defendant husband counterclaimed to impress a constructive trust upon half the proceeds received by plaintiff upon the sale of certain real property, defendant appeals from so much of a judgment of the Supreme Court, Nassau County, entered June 16, 1971, granting plaintiff a divorce after a nonjury trial, as (1) dismissed the counterclaim, with costs, (2) awarded plaintiff alimony and an additional counsel fee and (3) directed defendant to turn over to plaintiff her securities. Judgment modified, on the law and the facts, by reducing the alimony award from $250 to $200 per week and the additional counsel fee award from $2,500 to $2,000. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the alimony and additional counsel fee awards were excessive to the extent indicated herein. It is clear that the prior standard of living of the parties would warrant a higher alimony award than is being fixed at this time. However, evaluation and analysis of the credible evidence as to the parties' present finances, requires an alimony award at this time of $200 per week. The trial record establishes that $2,000 is a

fair and reasonable additional counsel fee. Defendant clearly did not establish the elements of a constructive trust. There is no evidence of any promise by plaintiff. There was no unjust enrichment, defendant having previously obtained the proceeds of the 1963 $32,000 mortgage loan, and the outstanding balance owing thereon having resulted in a reduction in plaintiff's 1968 sale proceeds. It is also noted that out of the proceeds plaintiff paid for the wedding of the parties' daughter and for the expenses incurred in moving and setting up a new apartment in 1968. Finally, it is manifest that the subject securities belong to plaintiff and that defendant has now retained them for more than six months after the date of the judgment directing their return. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.